Arthur G. Klein, J.
This court at Special Term (Irving L. Levey, J.) directed a trial of the issue of whether Morris A. Scharff, individually, contracted in writing to arbitrate. The direction was made in connection with a motion by the petitioner-respondent, Southeastern Clothing Corp., for a stay of arbitration as to Morris Scharff, also named as a petitioner-respondent. The issue was tried by me without a jury, and both sides waived finding's of fact and conclusions of law.
*1017 In 1957, and prior thereto, Morris Scharff, his father Harry and his brother Arthur had been engaged in the manufacture of clothing in this city, under the name of Southeastern Clothing Corp. The Amalgamated Clothing Workers of America, AFL-CIO, referred to as the Union, represented Southeastern’s employees. There had been collective bargaining agreements between the parties, and these agreements barred the so-called “ runaway ” shop and prohibited the employer from having any interest, in any shop or factory not under agreement with the Union.
The arbitration proceeding now sought to be stayed was brought by the Union under the supplemental agreement of May 20,1957 which is an amendment to the collective bargaining agreement then in effect. Southeastern concedes that it is a party to both agreements. The supplemental agreement bears the printed signature of the Southeastern Clothing Corp., and on the line below, preceded by the printed ‘ ‘ By ’ ’, it is signed by Morris Scharff with the addition of the written ivord “ Pres.” following his name.
This without more is insufficient to establish that he, individually, contracted in writing to arbitrate. “Where there is a disclosed principal-agent relationship and the contract relates to a matter of the agency, the agent will not be personally bound unless there is clear and explicit evidence of the agent’s intention fo substitute or superadd his personal liability for, or to, that of his principal.” (Mencher v. Weiss, 306 N. Y. 1, 4.) Neither the fact that the prefatory part of the May 20, 1957 agreement recites that Monis Scharff is the solo stockholder of Southeastern, nor the reference to article XXIII of the collective bargaining agreement, the so-called “ runaway shop ” clause, which provides that the arbitration provisions of the agreement shall apply to each officer, substantial stockholder, director or partner of the employer individually, constitute such “clear and explicit evidence ” of Morris Scharff’s intention to be bound by the arbitration agreement.
As stated in Horan v. John F. Trommer, Inc. (124 N. Y. S. 2d 217), the fact that he is the sole stockholder of the corporation is not material to the issue here. If that fact were to render Mm liable the whole idea of limiting personal liability through incorporation would he destroyed.
The fact that Morris Scharff might have been aware of the lack of protection afforded to the workers by an agreement signed only by the corporation does not estop him from asserting the claim that ho is not personally bound by the arbitration agreement. The facts in Ehrlich v. Drake Constr. Corp. (92 *1018 N. Y. S. 2d 711) ; Lowe v. Feldman (11 Misc 2d 8), and Mintz v. Clavin & Co. (4 A D 2d 635, affd. 4 N Y 2d 886), cited by the respondents-petitioners (the Union and the Joint Board), are dissimilar to those in the present case and are not controlling here.
Accordingly, I find and decide, as directed by Special Term, that Morris Scharff, individually, did not contract in writing to arbitrate.